U.S. Equal Employment Opportunity Commission
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Marisol Ramos
<u>Attorney for Plaintiff</u>
(215) 440-2619

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) **Plaintiff,** ) ) ) v. ) ) **FOOT LOCKER RETAIL, INC., a subsidiary** ) **Of FOOT LOCKER INC.,** ) ) ) ) ) **Defendant.** ) ) | **CIVIL ACTION NO.** <br><br> **COMPLAINT** <br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and on the basis of retaliation, and to provide appropriate relief to Jeleana J. James who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that during her employment, Ms. James was subjected to sexual harassment in the form of repeated, unwanted sexually offensive remarks and sexual advances from one of Defendant's male supervisors. Despite Ms. James' complaints to Defendant's management about the unwelcome harassment, Defendant failed to take prompt remedial action to correct the hostile work environment.

In addition, the Commission alleges that Ms. James was subjected to unfair discipline and

disparate treatment in retaliation for her sexual harassment complaint. Finally, Defendant removed Ms. James' name from the schedule, thereby discharging her. Consequently, Ms. James suffered severe emotional distress and back pay damages.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

### PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Foot Locker has continuously been doing business in the State of Pennsylvania, and has continuously had at least five hundred (500) employees.

5.  At all relevant times, Defendant Employers have continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

### STATEMENT OF CLAIMS

6.  More than thirty days prior to the initiation of the lawsuit, Jeleana J. James filed a

charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2004, Defendant Employer has engaged in unlawful employment practices at its Philadelphia and Upper Darby, Pennsylvania facilities in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a) Ms. James began working for Defendant at its Woodland Avenue, Philadelphia, Pennsylvania store on March 17, 2002, as a Cashier. In or about August 2004, Ms. James was transferred to the 52nd Street, Philadelphia, Pennsylvania location as a full time cashier.

(b) During the period from October 2004 to December 2004, Ms. James was subjected to a sexually hostile work environment when Supervisor Michael Brazell made sex-based and sexually offensive remarks to Ms. James on a regular basis.

(c) Mr. Brazell also subjected Ms. James to unwelcome sexual advances including, but not limited to, references to her buttocks, inviting her to go out with him for drinks, and wanting to play with her feet. Mr. Brazell made these comments to Ms. James in the presence of co-workers.

(d) On several occasions, Mr. Brazell pocked his finger against Ms. James' buttocks. In addition, he slapped Ms. James on her buttocks, and brushed against her behind the cash register area.

(e) On December 29, 2004, while Ms. James was at a cash register, Brazell walked behind her and slid his hand up, rubbing her buttocks area. Ms. James immediately turned around and Brazell then touched her genital area

(f)     On December 30, 2004, Ms. James called Defendant's Fair Employment Practice (FEP) Office and left a message, complaining of sexual harassment by Brazell. As a result of her message, Ms. James was contacted by Linda Kline from Defendant's FEP Office. Ms. Kline requested that Ms. James submit a statement.

(g)     On January 1, 2005, Ms. James filed a police report alleging she was being harassed in the form of sexual comments and unwelcome touching by Brazell.

(h)     On January 3, 2005, Ms. James faxed Ms. Kline a detailed statement describing the sexual harassment by Mr. Brazell. Ms. James requested not to work with Brazell because of the ongoing sexual harassment.

(i)     In January 2005, Ms. James was transferred to Defendant's store in Upper Darby, Pennsylvania by District Manager, Lief Houser.

(j)     Thereafter, Ms. James was subjected to adverse action because of her complaints of sexual harassment by Upper Darby Store Manager Robert Hutchinson.

(k)     On one occasion, an Assistant Manager at the Upper Darby store advised Ms. James that Hutchinson had commented to him that he was trying to fire Ms. James because of her prior complaint of sexual harassment. In addition, another co-worker advised Ms. James that Hutchinson was advising other employees that Ms. James had complained of sexual harassment by Brazell.

(l)     Upon information and belief, Ms. James was unfairly subjected to discipline for lateness, while similarly-situated male co-workers who had attendance issues were not disciplined. Prior to her sexual harassment complaint, Charging Party never received any discipline.

(m)     On February 2, 2005, while Ms. James' one-year old daughter was in the hospital with pneumonia, Hutchinson called her at the hospital to inform her that she was going to be demoted to part-time status, due to absence and/or lateness, although she had been absent only twice and had doctors excuses on both occasions.

(n)     After her sexual harassment complaint, Ms. James hours at the Upper Darby store were substantially reduced in retaliation for her complaints of sexual harassment.

(o)     On April 9, 2005, Ms. James was suddenly discharged from her employment. The reasons set forth by Defendant for terminating Ms. James are pretextual for retaliation discrimination.

(p)     Ms. James complained to the FEP Office that she was terminated in retaliation for her complaint of sexual harassment. Ms. James requested to be transferred to a different store and back to a full-time position.

(q)     On April 13, 2005, Store Manager Hutchinson recalled Ms. James. However, her hours were limited to an average of three (3) hours per week.

(r)     As of July 3, 2005, Ms. James received no hours and her name was removed from the schedule, effectively terminating her employment.

8.     The effect of the practices complained of in paragraph 7(a)-(r) above has been to deprive Jeleana J. James of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender, female, and because of retaliation.

9.     The effect of the practices complained of in paragraph 7(a)-(r) has been to deprive Jeleana J. James of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender, female and because of retaliation.

10. The unlawful employment practices complained of in paragraph 7(a)-(r) were intentional.

11. The unlawful employment practices complained of in paragraph 7(a)-(r) were done with malice or with reckless indifference to the federally protected rights of Jeleana J. James.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the bases of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and

anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

    F.    Order Defendant Employer to make whole Jeleana J. James by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    G.    Order Defendant Employer to make whole Jeleana J. James by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (r) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

    H.    Order Defendant Employer to make whole Jeleana J. James by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (r) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

    I.    Order Defendant Employer to pay Jeleana J. James punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (r) above, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

*[signature]*
Jacqueline H. McNair
Regional Attorney

*[signature]*
Judith A. O'Boyle
Supervisory Trial Attorney

*[signature]*
MARISOL RAMOS
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Tel.: (215) 440-2619
Email: Marisol.Ramos@eeoc.gov